### Richmond

WILLIAM HENRY HEWITT

V.

COMMONWEALTH OF VIRGINIA

Record No. 830176.

January 20, 1984.

Present: All the Justices.

*John C. Lowe (J. Lloyd Snook, III; Lowe, Gordon, Jacobs & Snook, Ltd.,* on brief), for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

William Henry Hewitt was tried by a jury for possession of more than five pounds of marijuana, with intent to distribute. He was convicted and sentenced to thirty years' confinement. The dispositive question raised by his appeal concerns his right to cross-examine a prosecution witness for bias.

The Commonwealth relied primarily on the testimony of Robert Talley to establish Hewitt's knowledge and intent. Talley, who had an extensive criminal record, was acting as an undercover informant for the police. He testified that he, with Hewitt and a third man, travelled from the Tidewater area to Richmond for the purpose of picking up a large quantity of drugs. Later that evening, Hewitt was apprehended in Henrico County in a truck containing forty pounds of marijuana. In addition to this evidence concerning intent, Talley's testimony also disclosed matters likely to have an aggravating effect on the jury's determination of sentence: the fact that Hewitt carried a handgun and the fact that Hewitt had previously smuggled drugs into the country.

Defense counsel cross-examined Talley extensively to attack his credibility. He elicited such factors as Talley's prior criminal record, his volunteered assistance to the police to obtain a release from jail, his various false statements to the authorities, and his escape from custody. The defense also sought to elicit evidence tending to show bias, arising from an agreement between Talley and the United States Attorney wherein Talley was granted immunity from prosecution for any matters he might disclose to a federal grand jury. Defense counsel contended that he had a right to cross-examine Talley to ascertain whether his testimony was biased as a result of any agreement he might have obtained from the federal authorities in return for his implicating Hewitt. The defense argued that it should have a fair opportunity to elicit testimony that the ultimate disposition of criminal charges against Talley might depend upon the quantity and quality of his cooperation with law-enforcement authorities. This, the defense con-

tended, would give Talley a motive to color his testimony against Hewitt.

The Commonwealth objected, contending that the arrangements between Talley and the federal authorities were irrelevant to the case on trial and "secret." The court, on the Commonwealth's motion, examined *in camera* letters from the United States Attorney to Talley's counsel and to the Commonwealth's Attorney. The court then ordered the letters sealed, refused to permit the defense to examine them, and further ruled that the defense was precluded from the entire line of questioning relating to any consideration Talley may have received from the federal authorities. The entire colloquy on this subject took place outside the jury's presence.

In our view, the court's rulings were erroneous. We have consistently held that the right of an accused to cross-examine prosecution witnesses to show bias or motivation, when not abused, is absolute. It rests upon the constitutional right to confront one's accusers. *Whittaker* v. *Commonwealth,* 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977); *Davis* v. *Commonwealth,* 215 Va. 816, 822, 213 S.E.2d 785, 789 (1975); *Woody* v. *Commonwealth,* 214 Va. 296, 299, 199 S.E.2d 529, 531-32 (1973); *Moore* v. *Commonwealth,* 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961). In *Whittaker* we said:

> Just as a defendant is entitled to show that testimony of a prosecution witness was motivated by an expectation of leniency in a future trial, a defendant is entitled to prove facts that would support an inference that such testimony was motivated by a bargain for leniency granted in a previous trial.

217 Va. at 968, 234 S.E.2d at 81.

We cannot say, beyond a reasonable doubt, that the error was harmless. Although the other matters which the cross-examination elicited, mentioned above, may have affected Talley's credibility, they did not tend to show any pressures acting upon him at the time he testified. The defendant was entitled to reveal to the jury the full weight of any pressures brought to bear on Talley, at the time he testified, which might motivate him to depart from the truth. *Woody,* 214 Va. at 299-300, 199 S.E.2d at 532.

Circumstances may readily be imagined in which a trial court might properly exercise its discretion to withhold some govern-

mental communication from defense counsel after an examination *in camera,* but this was not such a case. The letters in question were relevant to the issue of bias, and no valid reason was given which would entitle them to secrecy. They could well have been, as the defense argued, "a part of the mosaic [of] factors which influence Robert Talley . . . and that is for a jury to decide."

For this reason,* we will reverse the judgment and remand the case for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*

---

* There were other assignments of error. Hewitt objected to the trial court's refusal to permit his counsel to question veniremen directly on *voir dire,* and the court's refusal to ask particular *voir dire* questions he desired. Both of these subjects are now governed by our rulings in *LeVasseur* v. *Commonwealth,* 225 Va. 565, 304 S.E.2d 644 (1983), decided after the trial in this case, and require no further discussion here. Hewitt also assigned error to the court's refusal to permit his wife to take the stand for the sole purpose of testifying that he was married and had five children. The record discloses that this objection was expressly waived at trial, and is therefore not properly before us.