# Thomas Payne Brown

### v.

# Commonwealth of Virginia

Record No. 921972

November 5, 1993

Present: All the Justices

*Steven D. Benjamin* for appellant.
*Donald R. Curry, Senior Assistant Attorney General (Stephen D. Rosenthal, Attorney General*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

A jury in the City of Richmond found Thomas Payne Brown guilty of first-degree murder. He was sentenced in accordance with the jury's verdict to life in the penitentiary. Brown appealed the judgment of the trial court to the Court of Appeals which denied the petition for appeal and Brown's petition for rehearing. We awarded Brown an appeal. The dispositive question raised by this appeal concerns his right to make a proffer.

The evidence at trial revealed that Wayne Peyton was beaten to death in his mother's home on March 21, 1991. The police officers found a watch, which belonged to Brown, at the scene of the crime. Approximately two months after the murder, Brown was arrested, charged with the murder, and incarcerated at the Richmond City Jail. There, he met Daniel Sydow, who had been arrested and charged with larceny of an automobile.

Sydow and Brown were assigned to the same tier in the Richmond City Jail. Brown discussed, in detail, the murder charge with Sydow. Brown was later released on bond. After Brown's release, Sydow contacted the Commonwealth's Attorney and informed him that Brown had confessed to the commission of the murder. According to Sydow, Brown stated that "he had killed a person he was involved in the drug trade with." Brown said he had beaten the victim to death with a cellular telephone because "Wayne" had refused to pay Brown a drug-related debt.

During direct examination, Sydow, who had been incarcerated for most of his adult life, testified that he had been convicted of 20 to 25 felonies. He also testified that he was currently incarcerated in the Richmond City Jail and that three felony charges were pending against him in Richmond. Sydow had not entered pleas to these charges. He stated that there was no agreement between him or his attorney and the Commonwealth's Attorney's office regarding the disposition of those charges. Sydow further testified that he was told that if he was convicted of the pending charges, his cooperation in Brown's case would be brought to the attention of the court when Sydow was sentenced.

Brown's counsel attempted to cross-examine Sydow to establish that he had made an agreement with the prosecution for leniency regarding his pending charges. Sydow admitted that his trial on the pending charges had been continued each month since he was initially arrested and, therefore, Brown's counsel tried to establish facts which would imply the existence of an agreement. Additionally, Brown tried to elicit facts to show that even though the Commonwealth had evidence implicating Sydow in other crimes, he had not been charged with those offenses and consequently had received leniency in return for his testimony against Brown.

The following testimony appears in the record:

[Counsel for Brown]: Q: What are your expectations [sic] testifying and cooperating with the police? You won't be prosecuted for any other crimes; is that right, sir?

[Sydow]: A: No, it is not.

[Counsel for Brown]: Q: The [vehicle] in which you were arrested . . . had a lot of stollen [sic] property in it?

[Sydow]: A: Again, it's a pending case.

[Counsel for Brown]: Q: Just tell me, did it have boxes of checks and mail in it?

[Sydow]: A: Again, it's a pending case.

[Counsel for Brown]: Q: We are talking about your expectations.

[Sydow]: A: I have already stated what they are

. . . .

[Counsel for Brown]: Q: Answer my question. Did the [vehicle] have checks and mail stollen [sic] from North Carolina?

THE COURT: Excuse me, gentlemen. We are not going to try this case. This is pending. If he is convicted of a felony [you] can bring that out. [You] can bring out the fact he has been convicted of a misdemeanor involving moral turpitude or in general his reputation in the community. That's the only way you can impeach a witness. And, you brought out this is a trial pending, and that is all you can do.

[Counsel for Brown]: Your Honor, I would proffer, to make sure—

THE COURT: What proffer?

[Counsel for Brown]: To the numerous crimes and charges that would be brought against this man.

THE COURT: They are not admissible for this purpose.

[Counsel for Brown]: Note my objection. I think it is crucial to the cross-examination and my representation of the defendant.

THE COURT: All right, move on.

Brown argues that he was entitled to cross-examine Sydow to try to establish that Sydow had been offered leniency in return for his cooperation with the prosecutor and he should have been permitted to make a proffer so that an appellate court could determine whether the questions he desired to ask during cross-examination were proper. The Commonwealth argues, however, that the trial court did not refuse to permit Brown to make a proffer and that Brown's cross-examination of Sydow was not improperly restricted. We disagree with the Commonwealth.

An accused has a right to cross-examine prosecution witnesses to show bias or motivation and that right, when not abused, is absolute. The right emanates from the constitutional right to confront one's accusers. *Hewitt* v. *Commonwealth*, 226 Va. 621, 623, 311 S.E.2d 112, 114 (1984); *Whittaker* v. *Commonwealth*, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977); *Davis* v. *Commonwealth*, 215 Va. 816, 822, 213 S.E.2d 785, 789 (1975); *Woody* v. *Commonwealth*, 214 Va. 296, 299, 199 S.E.2d 529, 531-32 (1973); *Moore* v. Commonwealth, 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961). In *Hewitt*, we observed:

> Just as a defendant is entitled to show that testimony of a prosecution witness was motivated by an expectation of leniency in a future trial, a defendant is entitled to prove facts that would support an inference that such testimony was motivated by a bargain for leniency granted in a previous trial.

226 Va. at 623, 311 S.E.2d at 114 (quoting *Whittaker*, 217 Va. at 968, 234 S.E.2d at 81). Accordingly, we hold that Brown was entitled to cross-examine Sydow in an effort to establish that his testimony was motivated by a bargain for leniency relating to the charges pending against him, particularly since Sydow admitted that the trial of those charges had been continued each month since the date of his arrest.

Although the right of the accused to cross-examine prosecution witnesses is absolute when not abused, we must examine the substance of the anticipated testimony to determine whether that

right has been violated. Our review of the record, particularly the testimony referenced above, reveals that Brown tried to make a proffer, but the trial court did not permit him to do so. In *Owens* v. *Commonwealth*, 147 Va. 624, 630-31, 136 S.E. 765, 767 (1927), we stated:

> When the court sustained the objection to the question it was incumbent upon the defendant to make the record show the expected answer. This has sometimes been done by avowal of counsel, but the better practice is to permit the witness to answer the question in the absence of the jury.

In *Whittaker*, we discussed the aforementioned rule:

> In explication of this rule and in the interest of orderly litigation and appellate review, we hold that a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected constitutes a proper proffer, and that absent such acquiescence or stipulation, this Court will not consider an error assigned to the rejection of testimony unless such testimony has been given in the absence of the jury and made a part of the record in the manner prescribed by the Rules of Court.

217 Va. at 969, 234 S.E.2d at 81. Here, even though Brown sought to make a proffer in the manner required by our precedent, he was denied the opportunity to do so. Therefore, we must reverse the judgment of the trial court because, without a proffer, we are unable to ascertain whether the questions that Brown sought to ask Sydow would have been proper or, if the answers would have been relevant.

We do not accept the Commonwealth's suggestion that any error was harmless. Sydow's testimony was the only evidence directly identifying Brown as the perpetrator of the murder. It is true that the Commonwealth presented certain circumstantial evidence that implicated Brown, but this evidence alone may not have been sufficient to support the conviction.

Accordingly, we will reverse the judgment and remand the case for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*

JUSTICE KEENAN, with whom JUSTICE LACY joins, dissenting.

The majority opinion erodes the well-established principle that it is the duty of counsel to present the appellate court with a record sufficient to permit review of errors assigned on appeal. In effect, the majority imposes a duty upon the trial court to remind counsel to make a proffer after evidence has been excluded.

After Brown's counsel noted his objection to the trial court's evidentiary ruling, he was required to proffer the substance of the anticipated testimony. *Whittaker v. Commonwealth*, 217 Va. 966, 968-69, 234 S.E.2d 79, 81 (1977); *Scott v. Commonwealth*, 191 Va. 73, 78-79, 60 S.E.2d 14, 16 (1950); *Owens v. Commonwealth*, 147 Va. 624, 630-31, 136 S.E. 765, 767 (1927). However, he made no attempt to do so following the trial court's ruling that this type of evidence was inadmissible for purposes of impeaching the witness.

The trial court did not refuse to allow counsel to make a proffer. Rather, when counsel failed to make a proffer and apparently had nothing more to say on the subject, the trial court simply stated, "All right, move on." This statement by the trial court does not constitute a refusal to allow a proffer. The majority's strained interpretation to the contrary creates confusion as to who bears the ultimate responsibility to complete the record for appeal. A standard that requires the trial court to remind counsel to make a proffer suggests a retreat from our long-established rule placing responsibility for the record on counsel.

Since the record before us does not contain the substance of Daniel Sydow's anticipated testimony, and since the substance of that testimony is necessary for review of the error assigned, I would affirm the trial court's judgment.