COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


RALPH BAILEY GORMUS

MEMORANDUM OPINION* BY
v.    Record No. 0982-99-3            JUDGE LARRY G. ELDER
                                          MAY 2, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Samuel Johnston, Jr., Judge

George W. Nolley for appellant.

Thomas M. McKenna, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Ralph Bailey Gormus (appellant) appeals from his jury trial

convictions for misdemeanor hit-and-run pursuant to Code

§ 46.2-894 and driving under the influence of alcohol pursuant

to Code § 18.2-266.  Appellant's sole defense at trial was that

he was merely a passenger at the time of the accident and that

his cousin, Cleveland Taylor, was driving.  On appeal, appellant

contends the trial court erroneously refused to allow him to

cross-examine Taylor about his two prior convictions for driving

under the influence of alcohol and his fear that a third

conviction would result in heightened punishment, thereby

denying him the opportunity to fully develop Taylor's bias.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Appellant also contends the trial court erroneously instructed the jury on the inference that a person intends the natural and probable consequences of his acts, arguing that this instruction improperly shifted to him the burden of proving a lack of intent, improperly emphasized a portion of the evidence and confused the jury. We hold that the court erroneously restricted cross-examination of Taylor but that the error was harmless. We also hold the giving of the challenged jury instruction was not error because it created a permissive inference rather than a mandatory presumption and was supported by the evidence. Therefore, we affirm appellant's convictions.

I.

PRIOR DUI CONVICTIONS AS EVIDENCE OF BIAS

The rules for impeaching the veracity of a witness with prior convictions differ depending on the method used. "Where the purpose of the inquiry is [a direct attack on] a witness' veracity based on prior convictions, cross-examination concerning a witness' prior convictions is limited to prior felony convictions and convictions for misdemeanors involving moral turpitude." Scott v. Commonwealth, 25 Va. App. 36, 41, 486 S.E.2d 120, 122 (1997). However, where the purpose of the "cross-examination [is an indirect attack on veracity] designed to demonstrate a witness' bias or motive to testify" falsely, it is error to limit the cross-examination to prior felony convictions and crimes of moral turpitude. See id. "An accused

-

has a right to cross-examine prosecution witnesses to show bias or motivation and that right, when not abused, is absolute.  The right emanates from the constitutional right to confront one's accusers."  Brown v. Commonwealth, 246 Va. 460, 463-64, 437 S.E.2d 563, 564-65 (1993).

"Such an inquiry is always relevant, and the jury should consider the evidence of bias in deciding what weight to give to the testimony of the witness."  1 Charles E. Friend, The Law of Evidence in Virginia § 4-4(a), at 131 (4th ed. 1993) (footnote omitted).  Further, "[t]he issue of bias is never collateral, and cross-examining counsel is therefore never precluded from producing extrinsic evidence if the bias is denied."  Id. at 132 (footnote omitted).

> So absolute is this right to cross-examine
> for bias that it takes precedence over other
> rules of evidence and even over statutory
> enactments.  Thus, . . . it is error to
> limit an accused's cross-examination of
> prosecution witnesses as to juvenile
> offenses, even though a statute protects
> such matters from disclosure[, where that
> cross-examination relates to bias].

Id.; see Davis v. Alaska, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974) (cross-examination regarding juvenile court record).  Other types of evidence probative of bias include the existence of a plea bargain between the witness and the prosecution or other expectation of favorable consideration at trial or in sentencing for the witness' own crime.  See Brown, 246 Va. at 464, 437 S.E.2d at 565; Davis v. Commonwealth, 215

-

Va. 816, 822, 213 S.E.2d 785, 789 (1975); Scott, 25 Va. App. at 40-42, 486 S.E.2d at 121-22; see also 1 Friend, supra, § 4-4(a), at 132.

Here, evidence that Commonwealth's witness Cleveland Taylor had twice previously been convicted for driving under the influence of alcohol and knew that a third conviction likely would result in a greater punishment or longer license suspension was probative of his bias in testifying that appellant was behind the wheel at the time of the accident. Taylor arguably had a motive to implicate appellant in order to exonerate himself, and appellant was entitled to put this evidence before the jury for its use in determining what weight to give Taylor's testimony. This evidence was relevant and material to Taylor's credibility and was not collateral. Therefore, the trial court erred in excluding it.

The Commonwealth contends that the exclusion, if error, was harmless. Even if the jury had disregarded Taylor's testimony, it contends, the verdicts would have been the same based on the other evidence before the jury, which included the testimony of independent witness Robert Dodson, who identified appellant as the driver and heard appellant admit he was the driver, and appellant's flight from the scene. Furthermore, it argues, although Taylor was sufficiently impeached by his prior convictions for felonies, crimes of moral turpitude and one DUI offense, the jury still rejected appellant's claim that Taylor

-

was the driver.  We hold that the exclusion of the proffered bias evidence was harmless under the facts of this case.

In evaluating a court's erroneous restriction of cross-examination, "'[t]he correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, [we] might nonetheless say that the error was harmless beyond a reasonable doubt.'"  Maynard v. Commonwealth, 11 Va. App. 437, 448, 399 S.E.2d 635, 641 (1990) (en banc) (quoting Delaware v. Van Ardsall, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438, 89 L. Ed. 2d 674 (1986)).  This analysis "is akin to harmless error review in cases of improperly admitted evidence, where the error is held harmless if the record contains 'overwhelming' evidence of guilt. . . . [Taylor's] testimony is the 'improper' evidence we evaluate, to determine its effect, if any, on the verdict."  Scott, 25 Va. App. at 42-43, 486 S.E.2d at 123 (citations omitted).  In performing such analysis, we evaluate "'the importance of [Taylor's] testimony in the prosecution's case, whether [Taylor's] testimony was cumulative, the presence or absence of evidence corroborating or contradicting [Taylor's] testimony on material points, the extent of cross-examination [of Taylor] otherwise permitted and, of course, the overall strength of the prosecution's case.'"  Williams v. Commonwealth, 4 Va. App. 53, 78-79, 354 S.E.2d 79, 93 (1987) (quoting Van Ardsall, 475 U.S. at 684, 106 S. Ct. at 1438).  "An error does not affect a verdict if a reviewing court

-

can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same."  Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

We conclude first that the extent of cross-examination of Taylor otherwise permitted was insufficient to allow appellant to establish his bias.  We reject the Commonwealth's argument that Taylor's admission to one prior DUI conviction before the trial court sustained appellant's objection rendered the exclusion of further evidence harmless.  Because the trial court sustained the Commonwealth's objection to this line of questioning, appellant was not permitted to argue to the jury that the prior DUI conviction to which Taylor admitted provided him with a motive to lie about who was driving in order to exonerate himself.  Thus, appellant was deprived of the ability to use effectively a potentially significant piece of impeaching evidence.

This case is distinguishable from Fitzgerald v. Bass, 6 Va. App. 38, 366 S.E.2d 615 (1988) (en banc), cited by the Commonwealth.[1]  In Fitzgerald, the witness was merely a cellmate

---

[1] Although Fitzgerald involved review of a petition for a writ of habeas corpus, the Court observed that the applicable standard of review was "equivalent to the 'harmless beyond a reasonable doubt' standard," Fitzgerald, 6 Va. App. at 53, 366 S.E.2d at 623, which is applied in evaluating alleged constitutional error on direct appeal, see Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

-

to whom the accused confessed.  See id. at 47, 366 S.E.2d at 620.  The cellmate admitted to one felony conviction and said that he had one charge pending against him when he met the accused but that it had been reduced to a misdemeanor.  See id. at 49, 366 S.E.2d at 621.  In fact, he had three prior felony convictions and two pending felony charges in another jurisdiction, and was a paid informant for the state police on a matter not involving the accused.  See id. at 47, 49, 366 S.E.2d at 620, 621.  The court acknowledged that the cellmate provided testimony key to the accused's conviction, but noted that the jury knew the cellmate was a convicted felon, had committed misdemeanor offenses involving moral turpitude, and was incarcerated when he met the accused.  See id. at 54-55, 366 S.E.2d at 624.  Under those circumstances, it held, "given the extent to which [the cellmate's] credibility was impeached, it is doubtful that additional evidence in this regard would have made a difference in the jury's opinion of his credibility." Id. at 55, 366 S.E.2d at 624-25.

In appellant's case by contrast, Taylor, the witness whose bias appellant sought to show, was a direct participant in the events for which appellant was on trial, not merely an uninvolved cellmate to whom appellant later confessed.  Further, the prior convictions appellant sought to prove related to more than just a general propensity for untruthfulness or a desire to lessen his sentence for an unrelated offense.  Rather, Taylor's

-

two prior convictions--which were for driving under the influence--went directly to Taylor's motive to lie about whether he was driving at the time of the accident, a key element of appellant's hit-and-run conviction.  Under appellant's theory, Taylor was seeking not simply to lessen his punishment for an unrelated offense, as the cellmate in Fitzgerald may have been; rather he was seeking to exonerate himself for the precise behavior key to appellant's hit-and-run conviction--the same act of driving.

Nevertheless, the error in restricting appellant's cross-examination of Taylor clearly was harmless beyond a reasonable doubt as to both convictions.  Appellant challenged only the evidence that he was driving at the time of the accident.  He did not challenge Dodson's testimony that he attempted to remove the vehicle from the ditch shortly thereafter.  Even if appellant was not driving at the time of the accident, this second act of driving was sufficient to support his conviction for driving under the influence.  See, e.g., Gallagher v. Commonwealth, 205 Va. 666, 668-70, 139 S.E.2d 37, 39-40 (1964).  Therefore, the trial court's erroneous restriction of appellant's ability to cross-examine Taylor was harmless in relation to appellant's DUI conviction.

The error also clearly was harmless as to the hit-and-run conviction because, even without Taylor's testimony, the record contained overwhelming evidence that appellant was driving at

-

the time of the accident.  Appellant admitted to Dodson, a witness with no known motive to fabricate, that he was driving at the time of the accident.  Within a minute of the accident, Dodson saw appellant in the driver's seat of the vehicle attempting to extricate it from the ditch.  Appellant posed no challenge at trial to the accuracy of Dodson's observations and admitted that Dodson's observations were sufficient to permit appellant's conviction for driving under the influence.  Finally, appellant fled the scene of the accident when Dodson left briefly to obtain help.  Taylor, whom Dodson saw in the passenger seat a minute after the accident, was pinned in the vehicle and had to be cut out.  The only evidence in the record tending to indicate that appellant was not driving at the time of the accident came from Katherine Christiansen, who believed she had seen appellant in the passenger seat immediately after the accident.  However, Christiansen admitted that it was dark and that her identification was based on her seeing the passenger's neck and nose only.  In light of appellant's admission that he was driving, his flight from the scene and the fact that Taylor was pinned in the passenger seat immediately following the accident, we hold that overwhelming evidence established that appellant was driving, which supported a finding that appellant was guilty of both offenses.  Therefore, we hold the error in restricting cross-examination of Taylor was harmless.

-

JURY INSTRUCTION

Appellant contends the court erred in instructing the jury that it could infer he intended the natural and probable consequences of his acts. We disagree.

In Kelly v. Commonwealth, 8 Va. App. 359, 373-74, 382 S.E.2d 270, 278 (1989), we approved the precise jury instruction at issue in appellant's case. We distinguished that instruction from the one held unconstitutional in Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). "The Sandstrom instruction created a mandatory presumption whereas [the challenged Virginia Model Jury Instruction] created a permissive inference." Kelly, 8 Va. App. at 374, 382 S.E.2d at 278. Therefore, here, as in Kelly, the instruction, taken in the abstract, was appropriate.

Although the trial court may have believed the instruction was "unnecessary," we do not believe that giving it constituted error. A court should give a proffered jury instruction which finds support in the evidence so long as it does not confuse the jury or place undue emphasis on a particular piece of evidence. See Alexander v. Commonwealth, 28 Va. App. 771, 775, 508 S.E.2d 912, 914 (1999); Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987). We also conclude that the instruction was appropriate in light of the facts of the case. A conviction for "hit-and-run" pursuant to Code § 46.2-894 requires proof of

knowledge:  "'[T]he driver must be aware that harm has been done; it must be present in his mind that there has been an injury [to person or property]; and then, with that in his mind, he must deliberately go away without making himself known.'" Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946) (citation omitted).  The Commonwealth, therefore, was required to prove that appellant intended to leave the scene with knowledge of the damaged property.  The challenged instruction permitted the jury to make such a finding.

For these reasons, we affirm appellant's convictions.

Affirmed.

-