COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Chief Judge Felton, Judges Kelsey and Petty
Argued by teleconference


JOSEPH S. SPENCER

                                              MEMORANDUM OPINION* BY
v.        Record No. 0677-13-2                JUDGE WILLIAM G. PETTY
                                                  MARCH 25, 2014

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                         Edward L. Hogshire, Judge

          Samantha E. Freed (Lepold & Freed, PLLC, on brief), for appellant.

          Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


        Joseph S. Spencer appeals his conviction for possession of cocaine with the intent to

distribute, in violation of Code § 18.2-248.  On appeal, Spencer argues that the trial court erred

in refusing to allow defense counsel to cross-examine a cooperating witness for the prosecution

on the statutory minimum punishment the witness was avoiding by testifying against the

defendant.  For the following reasons, we affirm the judgment of the trial court.

                                              I.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  "On appeal, 'we review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

On January 5, 2012, police approached Spencer, as he was getting into his car, in order to execute a warrant against him for charges unrelated to the distribution conviction from which he appeals. In executing the warrant and arresting Spencer, police found a number of incriminating items, including cocaine, on his person and in his car. Because of the discovery of these items, Spencer was charged with and arrested for possession and distribution of drugs. Carson Banks, a passenger in Spencer's car at the time Spencer was arrested, testified for the Commonwealth pursuant to an agreement that he would not be prosecuted for the same offense. This appeal relates to the defense attorney's cross-examination of Banks.

II.

Spencer argues that the trial court erred in prohibiting him from asking Banks during cross-examination whether Banks was aware of the minimum punishment for the crime for which Banks could have been charged had he not agreed to testify for the Commonwealth. Spencer argues that this violated his rights under the Confrontation Clause of the Sixth Amendment. We disagree.

We review constitutional arguments *de novo* as questions of law. Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005). "An accused has a right to cross-examine prosecution witnesses to show bias or motivation and that right, when not abused, is absolute. The right emanates from the constitutional right to confront one's accusers." Brown v. Commonwealth, 246 Va. 460, 464, 437 S.E.2d 563, 564-65 (1993). Specifically, "'a defendant is entitled to show that testimony of a prosecution witness was motivated by an expectation of leniency in a future trial.'" Id. at 464, 437 S.E.2d at 565 (quoting Hewitt v. Commonwealth, 226 Va. 621, 623, 311 S.E.2d 112, 114 (1984)). Although a cross-examiner

generally may ask "'anything tending to show the bias on the part of a witness,'" Scott v. Commonwealth, 18 Va. App. 692, 694, 446 S.E.2d 619, 619-20 (1994) (emphasis omitted) (quoting Henning v. Thomas, 235 Va. 181, 188, 366 S.E.2d 109, 113 (1988)), a cross-examiner does not have unlimited liberties, id. at 694, 446 S.E.2d at 620. "The scope of cross-examination in general, and the extent of testimonial impeachment in particular, are left to the sound discretion of the trial court and are not subject to review unless plainly abused." Id. at 693-94, 446 S.E.2d at 619. However, "[i]t is only after the right of cross-examination has been substantially and fairly exercised that the allowance of further cross-examination becomes discretionary with the court." Moore v. Commonwealth, 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961).

Spencer substantially and fairly exercised his right to cross-examine Banks regarding Banks's potential bias or motive to lie. Therefore, the trial court did not abuse its discretion by limiting the extent of this line of cross-examination.

Banks testified on behalf of the Commonwealth as Spencer's acquaintance. Banks testified that he would wash Spencer's car from time to time, and Spencer would sometimes pay him in cash and other times would pay him with cocaine. Banks testified that he was a passenger in Spencer's car on January 5, 2012, the day Spencer was arrested. During cross-examination, defense counsel confronted Banks with the fact that the Commonwealth promised him that he would not be charged with any crimes related to the drugs that were found in Spencer's car if he agreed to testify in the proceedings against Spencer.[1] The cross-examination proceeded as follows:

---

[1] During direct-examination of Banks, the Commonwealth introduced a letter written to Banks from the Assistant Commonwealth's Attorney stating that although he intended to charge Banks with simple possession of cocaine for the drugs found on his person when he was found with Spencer, he promised that Banks would "not under any circumstances be charged with the cocaine found in Spencer's vehicle."

[Defense Counsel]: Okay. The point is, is that you're avoiding a substantial penalty by not being charged with that, aren't you?

[Banks]: I don't know.

[Defense Counsel]: Do you understand that that charge carries for five to ten---

The Commonwealth then objected, stating that because Spencer was on trial for the same crime that defense counsel was asking Banks about, it was improper for defense counsel to mention the statutory range of punishment that could be imposed on Spencer if he was convicted. Defense counsel indicated that he wanted to ask Banks about the exact range of years he could be sentenced had the Commonwealth not granted him immunity. Defense counsel felt this was proper impeachment—important for the purpose of trying to show that, by testifying, Banks was avoiding a significant charge. The trial court struck the question and instructed counsel that he could mention the maximum penalty of forty years, but could not mention the minimum penalty.[2]

Contrary to Spencer's contentions, this was not error. The questions defense counsel asked during cross-examination clearly elicited the fact that Banks was avoiding a potentially large amount of prison time by testifying for the Commonwealth against Spencer. Indeed, the trial court allowed defense counsel to ask Banks: "You're aware that by not being charged with the drugs that were in the car you are avoiding a charge that carries up to forty (40) years in prison?" This certainly demonstrated to the jury that Banks may have had a strong personal reason for giving favorable testimony on behalf of the Commonwealth. Thus, this questioning constituted a substantial and fair exercise of Spencer's right to cross-examine the witness regarding bias and motivation. Thus, "the allowance of further cross-examination [was]

---

[2] After the jury was allowed back into the courtroom, the trial court instructed the jurors to disregard the previous question.

discretionary with the [trial] court." Moore v. Commonwealth, 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961).

What Spencer wished to do beyond this was to elicit testimony before the jury regarding the exact range of punishment Banks was avoiding. Spencer was on trial for the same charge. Any mention of the specific sentence that Banks was avoiding would have informed the jury of the sentencing range for the crime for which Spencer was then being tried. The trial court was certainly well within its discretion to prohibit this from occurring. See Walls v. Commonwealth, 38 Va. App. 273, 279, 563 S.E.2d 384, 387 (2002) ("[T]he available range of punishment upon conviction for a crime is not relevant to the issue of guilt or innocence.").

Therefore, even though the trial court prohibited Spencer from asking Banks the specific sentence he was avoiding, Spencer had the opportunity to fully explore Banks's possible bias or motive to lie. Because the trial court allowed Spencer to ask Banks generally about the prison time he could have faced and to question him specifically about his avoiding the charge, the trial court did not abuse its discretion by precluding Spencer from questioning the witness about the exact sentencing range.[3] Cf. Whittaker v. Commonwealth, 217 Va. 966, 967-68, 234 S.E.2d 79, 81 (1977) (holding that the trial court erred in prohibiting a defendant from asking any questions regarding alleged leniency in sentencing that may have motivated a witness to testify against the defendant). Defense counsel's purpose in seeking to elicit this information on cross-examination was adequately served without the addition of specific details regarding the precise sentencing range Banks was avoiding.

_____

[3] The trial court allowed Spencer to ask Banks if he was aware that he was avoiding a potential forty-year penitentiary sentence by testifying. Banks's answers to the question consisted of "I don't know," "I don't understand what you're saying," "I don't know," and "I don't know. I don't know what you are talking about." Thus, it is somewhat speculative to assume that his answer to a question regarding his awareness that he might be avoiding a potential five-year minimum sentence would have been any more productive in impeaching his testimony.

III.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>