# Richmond

OLYVE GRAEF MOORE V. COMMONWEALTH OF VIRGINIA.

April 24, 1961.

Record No. 5240.

Present, All the Justices.

The opinion states the case.

*Erwin S. Solomon,* for the plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (A. S. Harrison, Jr., Attorney General,* on brief), for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Mrs. Olyve Graef Moore was arrested on a warrant which charged that she did on December 1, 1959, "unlawfully operate a

motor vehicle in a reckless manner: namely, pass a school bus while discharging passengers." Virginia Code, 1950, § 46.1-190 (f). Upon her trial, she was found guilty and her punishment fixed at a fine of $15.00. We granted this writ of error.

The evidence is certified to us in narrative form.

Roscoe Williams, a school bus driver, testified that he stopped his bus on U. S. Highway Route No. 220, in Hot Springs, Virginia, December 1, 1959, about 3:30 p. m. for the purpose of discharging school children; that the bus was headed south; that the patrol boy on the bus did not get out to flag traffic because there was a police officer on duty at that point; and that while the school children were getting off the bus, Mrs. Moore, proceeding northerly, drove by the bus without stopping. He said the bus was marked in accordance with the regulations of the State Board of Education; and that its red blinker light was "blinking."

John McFarland, a county police officer, saw the bus stop to discharge school pupils; and as the children were getting off, he observed Mrs. Moore approach from the south and pass the bus. He said the bus had a "Stop" sign "written on it;" and that the marking on the bus conformed to the regulations of the State Board of Education.

The regulations of the State Board of Education were not presented in evidence.

On cross-examination, Williams was asked by counsel for the defendant as to how the bus markings conformed with the regulations of the above Board, and McFarland was asked "how the bus was painted so as to conform with" them. The trial court held the questions were improper and immaterial, and instructed the witnesses not to answer them. The court stated as its reason that it was "presumed that the school bus was marked in accordance with the rules and regulations of the State Board of Education, and that the burden of going forward with the proof of showing it was not so marked became the duty of the defendant." The defendant excepted.

Mrs. Moore testified that she had followed another car through the village of Hot Springs, and did not see the school bus. A Mrs. Stillwell testified to the same effect. The two witnesses for the Commonwealth denied that there was a car ahead of defendant as she passed the school bus.

The court instructed the jury, in the identical language of Code, § 46.1-190 (f), that "A person shall be guilty of reckless driving who

shall fail to stop at a school bus stopped on the highway for the purpose of taking on or discharging school children, when approaching the same from any direction and to remain stopped until all school children are clear of the highway and the bus is put in motion, *provided, however, that this shall apply only to school buses marked or identified as provided in the regulations of the State Board of Education.*" (Emphasis added)

During his closing argument, counsel for defendant stated to the jury that they could not convict Mrs. Moore of reckless driving, unless they found that the school bus was marked in accordance with the regulations of the State Board of Education; and the trial judge told counsel that this was improper argument, and instructed the jury to disregard counsel's statement. The defendant excepted.

Section 46.1-190 (f), Code of Virginia 1950,[*] creates a statutory criminal offense only when the circumstances and conditions specified exist. It contains no provision that it shall be presumed a school bus is properly marked. On the other hand, it is specifically provided that the section "shall apply only to school buses marked or identified as provided in the regulations of the State Board of Education."

One of the most zealously guarded rights in the administration of justice is that of cross-examining an adversary's witnesses. In Virginia, in criminal cases, it is preserved to the accused by the constitutional guarantee of confrontation. Constitution of Virginia, § 8. Moreover, by statute, § 8-291, it is provided that "A party called to testify for another, having an adverse interest, may be examined by such other party according to the rules applicable to cross-examination."

In *McCue* v. *Commonwealth*, 103 Va. 870, 996, 49 S. E. 623, we held that § 8-291 applies to criminal cases as well as to civil cases. *Tate* v. *Commonwealth*, 155 Va. 1016, 1024, 154 S. E. 508. Cf. *Trout* v. *Commonwealth*, 167 Va. 511, 516, 188 S. E. 219.

It is only after the right of cross-examination has been substantially and fairly exercised that the allowance of further cross-examination becomes discretionary with the court. The right, when not abused, is an absolute right and not a mere privilege of a party against whom a witness testifies. 20 Michie's Jur. Witnesses, § 36, pages 674 *et seq.*; 58 Am. Jur., Witnesses, § 610, page 339; 98 C.J.S., Witnesses, § 368, pages 114 *et seq.* Cf. *Basham* v. *Terry, Administratrix*, 199 Va. 817,

---

[*] An amendment to this section in 1960, Acts 1960, Chapter 510, is not material here.

824, 102 S. E. 2d 285. Here, the attempted cross-examination was concerned with a matter elicited on examination in chief.

In order to convict Mrs. Moore, the burden was on the Commonwealth to show that the school bus was properly marked or identified. It is true that the driver of the bus and the police officer said it was so marked. However, their statements were merely expressions of their opinions. The defendant had the right to test their knowledge of the regulations involved, and of the facts attending the actual markings and identification on the bus. She had just as much right to show by cross-examination, as by her own evidence, whether or not the bus was properly marked. It might have been developed that there was some defect in its markings; that its painting had become defaced or obliterated; or otherwise deceptive.

The proper marking of a school bus is a fact, the existence of which is required to be shown in order for the statute here involved to apply. Until that fact was shown, Mrs. Moore was not required to explain or offer evidence of her innocence. *Fowlkes* v. *Commonwealth*, 194 Va. 676, 679, 74 S. E. 2d 683.

The ruling of the trial court that it was the duty of the defendant to show that the regulations of the State Board of Education had not been complied with was, in effect, a holding that the burden was on the defendant to establish her innocence.

It is elementary in this State, except when modified by statute, that the accused in a criminal case is presumed to be innocent until his guilt has been proven beyond a reasonable doubt; that the burden rests upon the Commonwealth to establish such guilt; and this burden never shifts. Every material element of the offense charged must be proved in order to find the defendant guilty. *Sutherland* v. *Commonwealth*, 171 Va. 485, 494, 198 S. E. 452; *Adkins* v. *Commonwealth*, 200 Va. 238, 243, 105 S. E. 2d 164; 5 Michie's Jur., Criminal Procedure, § 54, pages 400 *et seq;* 7 Michie's Jur., Evidence, § 35, pages 368 *et seq.*

There is a difference between indulging a presumption in favor of an officer having done a duty which the law casts upon him, and indulging a presumption that a fact exists, which the statute requires to exist, in order to constitute a criminal offense. It ought not to have been too difficult a matter to prove the regulations of the State Board of Education, or how the bus was marked, and not rest the case wholly upon a matter of opinion.

It follows that the rulings of the trial court in denying the defendant the right to cross-examine the Commonwealth's witnesses,

and in refusing to allow counsel for defendant to argue before the jury that in order to convict Mrs. Moore of reckless driving, it was necessary that the jury find that the school bus was marked in accordance with required regulations, were erroneous and prejudicial to the defendant.

We reverse the judgment of the trial court and remand the case for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*