## Richmond

HOWARD HENRY ALLISON v. COMMONWEALTH OF VIRGINIA.

March 6, 1967.

Record No. 6404.

Present, All the Justices.

*George Minor, Jr.*, for the plaintiff in error.

*Anthony F. Troy, Special Counsel* (*Robert Y. Button, Attorney General; M. Harris Parker, Assistant Attorney General*, on brief), for the Commonwealth.

SNEAD, J., delivered the opinion of the court.

Howard Henry Allison, defendant, was charged in a two-count indictment with forging a check in the amount of $55.40 drawn on the Citizens Trust Company, Portsmouth, Virginia, and with uttering

it in violation of Code, § 18.1-96[1]. Defendant pleaded not guilty to both counts and a trial by jury was waived.

At the conclusion of the Commonwealth's evidence defendant moved to strike the Commonwealth's evidence. The motion was overruled, and defendant rested his case without offering any evidence. Defendant then renewed his motion to strike, but it was again overruled. The court found defendant guilty on both counts in the indictment, and on defendant's motion a pre-sentence report was ordered. After the report was filed and considered in the presence of the accused and his attorney, the court denied probation and fixed defendant's punishment at three years in the State Penitentiary on each count with the sentences to run concurrently. Defendant's motion to set aside the judgment as being contrary to the law and the evidence was overruled. We granted him a writ of error.

In substance the assignments of error present these questions for our determination: (1) Was the evidence sufficient to convict defendant as charged in the indictment? and (2) Did the court err in failing to exclude an admission made by defendant?

"When the sufficiency of the evidence is challenged after conviction it is our duty to view it in the light most favorable to the Commonwealth, granting all reasonable inferences fairly deducible therefrom. The judgment should be affirmed unless 'it appears from the evidence that such judgment is plainly wrong or without evidence to support it'. § 8-491, Code, 1950; *Toler* v. *Commonwealth*, 188 Va. 774, 781, 51 S.E. (2d) 210, 213; *Wright* v. *Commonwealth*, 196 Va. 132, 137, 82 S.E. (2d) 603, 606." *Crisman* v. *Commonwealth*, 197 Va. 17, 18, 87 S.E. 2d 796, 797.

The record discloses that on July 10, 1965, Audrey Thompson, an employee of Sears, Roebuck & Co. in Portsmouth, cashed for a person a check, dated the same day, drawn on the Citizens Trust Company in the amount of $55.40. The check, numbered 1805, was payable to "W. H. Crews" and bore the purported signature of "Garnett H. Slate" as maker. Mrs. Thompson testified that when the

---

(1) "§ 18.1-96 * * * If any person forge any writing, other than such as is mentioned in §§ 18.1-92 and 18.1-94, to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be confined in the penitentiary not less than two years nor more than ten years, or, in the discretion of the jury or the court trying the case without a jury, he shall be confined in jail not less than six months nor more than twelve months. Any person who shall obtain, by any false pretense or token, the signature of another person, to any such writing, with intent to defraud any other person, shall be deemed guilty of the forgery thereof, and shall be subject to like punishment."

check was presented to her the payee's endorsement had already been made, and that a Sears "charge-a-plate" bearing the name of W. H. Crews was presented as identification. She placed the plate in a machine and "stamped it on the check." Mrs. Thompson was asked if she was "sure" who the person was that negotiated the check. She responded: "No, sir, I am not. I cannot identify him positively."

W. H. Crews, the purported payee of the check, testified that he had no knowledge of the instrument; that he was not entitled to any payment from Garnett H. Slate, the purported maker; that the endorsement on the check was not his signature, and that he did not authorize anyone to endorse it for him.

Slate stated that check No. 1805 was among other blank checks stolen from his business establishment on or about July 10, 1965; that he did not sign the check, and that he did not know the defendant or authorize him "to have or use" any of his checks.

James R. Jordan was called by the Commonwealth to testify on the basis of a statement given by him to investigating officers at the police station on July 28, 1965. The statement which had been reduced to writing and signed was not offered in evidence. Portions of it were read to Jordan while being examined which indicated, among other things, that he was present with defendant at Sears, Roebuck & Co. "around the middle of July" at which time he saw defendant cash the check in question. Jordan denied the accuracy of the statement. The Commonwealth's attorney advised the court that he was "taken completely by surprise" and he was permitted to attempt to impeach the witness.

Jordan was examined extensively. He denied telling the officers that he saw defendant "cash the check". He admitted that check No. 1805 was the same one that the investigating officers showed him when he made the statement, but he denied telling them that he was "sure" this check was presented to Mrs. Thompson. He said he told them that he "thought so". Later he testified that he told the investigating officers that he could not identify the check as the one defendant cashed. While Jordan's testimony was highly conflicting, on cross-examination he concluded:

"Q. You didn't tell the police officer that this was the check that the defendant had, did you?

"A. I told the police officer when he asked me about it that when we went into Sears Roebuck that Country [defendant] presented a

check and some identification and I walked around in the store. Whether he got it cashed or not, I don't know.

"Q. You don't know what check he had?

"A. No, sir.

"Q. It could have been this check or some other check, couldn't it?

"A. Yes, sir.

"Q. And you can't say under oath that he cashed this check at any particular time, can you?

"A. No, sir."

Based on the foregoing, Jordan's testimony at best was of doubtful credibility and at most merely showed that defendant had been in Sears, Roebuck & Co. about the middle of July to cash a check. His testimony did not establish that defendant cashed the check in issue.

Finally, Sergeant T. J. Hayth, the investigating officer, testified that he had check No. 1805 in his hand when defendant was interrogated on July 28; that he talked with defendant after he started the investigation and asked him "if this was his signature on the check. He stated this looked like his handwriting." On cross-examination, Sergeant Hayth was asked why he questioned defendant about this check. He stated that he had talked with a Mr. Marshall, a handwriting expert connected with the Federal Bureau of Investigation, who informed him that defendant "had written the check." He further testified: "Due to certain technicalities, he [Marshall] would not come into court and say positively that that was the man."

"It is elementary in this State, except when modified by statute, that the accused in a criminal case is presumed to be innocent until his guilt has been proven beyond a reasonable doubt; that the burden rests upon the Commonwealth to establish such guilt; and this burden never shifts. Every material element of the offense charged must be proved in order to find the defendant guilty. *Sutherland* v. *Commonwealth*, 171 Va. 485, 494, 198 S.E. 452; *Adkins* v. *Commonwealth*, 200 Va. 238, 243, 105 S.E. 2d 164; 5 Michie's Jur., Criminal Procedure, § 54, pages 400 *et seq.*; 7 Michie's Jur., Evidence, § 35, pages 368 *et seq.*" *Moore* v. *Commonwealth*, 202 Va. 667, 670, 119 S.E. 2d 324, 327.

We agree with defendant that the evidence adduced falls short of being sufficient to sustain a finding of guilty of either forging the check or of uttering it as charged in the indictment. All that has been proved is that check No. 1805 was forged; that defendant said the

signature on the check "looked like his handwriting"; that the check was subsequently cashed by Mrs. Thompson, and that defendant cashed a check at Sears, Roebuck & Co. at approximately the same time. Indeed, the circumstances were suspicious, but as we said in *Powers v. Commonwealth*, 182 Va. 669, 676, 30 S.E. 2d 22, 25, "circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty."

Defendant's contention that the court erred in failing to exclude an admission made by him is without merit. The only alleged admission was the statement made by Sergeant Hayth that defendant told him that the signature on the check "looked like his handwriting." There was no objection made or exception taken to this testimony and we need not consider the question. Rule 1:8, Rules of Court.

Accordingly, the judgment appealed from is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*