## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Thomas Lingenfelter

June 16, 1987

By JUDGE JOHN A. JAMISON

After the trial of the above matter on May 6, 1987, the defendant moved the Court to set aside an adverse jury verdict finding the defendant guilty of reckless driving by illegally passing a stopped school bus in violation of Code Section 46.1-190(f).

The defendant argues that the height of the letters on the school bus identifying it as such was not affirmatively proven.

The above Code Section requires that the words "School Bus" be in black letters at least eight inches high on the front and rear of the bus.

In the case of *Moore v. Commonwealth*, 202 Va. 667, 119 S.E.2d 324 (1961), the Supreme Court of Virginia said:

> In order to convict. . . the burden was on the Commonwealth to show that the school bus was properly marked or identified. It is true that the driver of the bus and the police officer said it was so marked. However, their statements were merely expressions of their opinions. The defendant had the right to test their knowledge of regulations involved and of the facts attending actual markings and identification on the bus.

The evidence in the instant case was to the effect

that the coloring of the bus and lettering thereon "complied with state law."

Mrs. Grymes, the driver of the bus, testified as to the lettering but was of the opinion that it was three inches high. Mr. Chenault, the school bus supervisor, testified that he believed the letters on the bus were six inches high. When Mr. Neely asked him if the letters were over six inches high, he said that they were but ended his testimony on an uncertain note by saying he did not know how high the letters were.

Counsel for the defendant moved to strike the evidence but the court had in mind the *Moore* case, *supra*, with which he has been familiar for many years. My recollection was that the specific height of the letters must be proven beyond a reasonable doubt. However, since we were well near the end of the trial, I decided to let the matter go on to the jury knowing that a verdict adverse to the defendant could be set aside following a trial, after more time for research and contemplation. As it turns out, my recollection of the *Moore* case was accurate. In reversing the trial court, the *Moore* decision said that:

> Proper marking of school bus is fact, existence of which is required to be shown in order for the statute here invoked to apply. . . . Until that fact was shown, Mrs. Moore was not required to explain or offer evidence of her innocence, citing *Fowlkes v. Commonwealth*, 194 Va. 676.

The standard in a criminal case if proof "beyond a reasonable doubt" and the Court in *Moore* went on to say that "[i]t is elementary in this state. . . that the accused in a criminal case is presumed to be innocent until his guilt has been proved beyond a reasonable doubt; that the burden rests upon the Commonwealth to establish such guilt and the burden never shifts. . . . Every material element of the offense charged must be proved in order to find the defendant guilty" citing *Sutherland v. Commonwealth*, 171 Va. 485, 494 (1938), and cases. Finally, in *Moore*, the Court concluded:

> There is a difference between indulging a presumption in favor of an officer having done a duty

which the law casts upon him and indulging a presumption that a fact exists, which the statute requires to exist, in order to constitute a criminal offense. It ought not to have been too difficult a matter to prove the regulations of the State Board of Education, or how the bus was marked, and not rest the case wholly upon a matter of opinion.

As rare as it has been for me to set aside a jury verdict, I feel compelled to do so in this case. Except for a technical distinction between the instant case and *Moore*, referred to by the Commonwealth's Attorney, Mr. Neely, of the trial judge's there refusing to permit cross-examination by the defendant, this case is on all fours with *Moore*, thus explaining to my satisfaction that the law was so emphatically stated in that case that there have been no subsequent cases like it in our Supreme Court. In fact, a very similar case was tried before me in Spotsylvania County some years back in which I was compelled to strike the Commonwealth's evidence upon a motion because there was no proof of the height of the bus lettering. While the height of the letters in the instant case was mentioned, there was no proof beyond a reasonable doubt that this height complied with the strict law of Virginia on this point.

Accordingly, the Clerk is requested to enter an order setting aside the verdict of the jury for reasons stated in this opinion.