Present:  All the Justices

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
                    OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 971020         February 27, 1998

MICHAEL R. BRIGGS

        FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                Benjamin N.A. Kendrick, Judge

    In this appeal, we consider whether the limitation of

liability in the Virginia Tort Claims Act, Code §§ 8.01-

195.1, et seq., applies to a judgment entered against the

Washington Metropolitan Area Transit Authority.

    The relevant facts are not in dispute.  Michael R.

Briggs filed a motion for judgment against the Washington

Metropolitan Area Transit Authority (WMATA) alleging that he

was injured when a bus, operated by WMATA's employee,

collided with Briggs' motorcycle.  The case was tried before

a jury which rendered a verdict in favor of Briggs in the

amount of $90,000.

    WMATA filed a post-trial motion requesting that the

court reduce the verdict to $75,000 on the basis that WMATA

is an agency of the Commonwealth of Virginia and that an

interstate agreement, the Washington Metropolitan Area

Transit Regulation Compact, permitted WMATA to invoke the

$75,000 limitation of tort liability contained in Code

§ 8.01-195.3.*  The trial court denied WMATA's motion and

entered a judgment in favor of Briggs in the amount of

---

    * Code § 8.01-195.3 was amended to permit a claimant to
recover a maximum of $100,000 if the claimant's cause of
action accrued on or after July 1, 1993.  Briggs' cause of

$90,000. WMATA appeals.

Virginia, Maryland, and the District of Columbia entered into the Washington Metropolitan Area Transit Regulation Compact with the consent of the United States Congress. The purpose of this Compact, codified in Code §§ 56-529 and -530, was to improve transit service in the metropolitan area of Washington, D.C.

Section 80 of the Compact states:

"Liability for Contracts and Torts

80. The Authority shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agent[s] committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function. The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority. Nothing contained in this Title shall be construed as a waiver by the District of Columbia, Maryland, Virginia and the counties and cities within the Zone of any immunity from suit." (Emphasis added).

Code § 8.01-195.3, which is a part of the Virginia Tort Claims Act, stated in relevant part:

"Subject to the provisions of this article, the Commonwealth shall be liable for claims for money only accruing on or after July 1, 1982, . . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth . . . if a private person, would be liable to the claimant for such damage, loss, injury or death. However, . . . the Commonwealth . . . shall [not] be liable for interest prior to judgment or for punitive

_____

action arose before the effective date of this amendment.

damages. The amount recoverable by any claimant shall not exceed (i) $25,000 for causes of action accruing prior to July 1, 1988, $75,000 for causes of action accruing on or after July 1, 1988, or . . . (ii) the maximum limits of any liability policy maintained to insure against such negligence or other tort, if such policy is in force at the time of the act or omission complained of, whichever is greater, exclusive of interest and costs."

WMATA argues that it is an instrumentality of each of the signatory jurisdictions, including Virginia, and, thus, it is entitled to the benefit of the $75,000 limitation contained in the Virginia Tort Claims Act. Continuing, WMATA says that "[a]s a matter of federal law, WMATA is entitled to the same privileges and immunities as the Commonwealth of Virginia including the liability cap provided in . . . Code § 8.01-195.3." Specifically, WMATA contends that § 80 of the Compact permits it to invoke the limitation of liability in Code § 8.01-195.3 because WMATA is liable for its torts and those committed by its agents in the conduct of a proprietary function "in accordance with the law of the applicable signatory." Relying upon that phrase, WMATA argues that it is entitled to the protection of the limitation of liability contained in the Virginia Tort Claims Act.

Responding, Briggs argues that § 80 of the Compact places no limitation on the amount of compensatory damages that a plaintiff may recover from WMATA and that § 80 does not incorporate the damage limitation contained in the Virginia Tort Claims Act. We agree with Briggs.

3

In PEPCO v. State Corporation Commission, 221 Va. 632, 635, 272 S.E.2d 214, 215 (1980), we held that WMATA is a part of the State government. We observed:

> "Title III, Article III, Section 4 of the interstate compact provides that WMATA 'is hereby created, as an instrumentality and agency of each of the signatory parties hereto'. Title III, Article VII, Section 18(a), states that '[t]he General Assembly of Virginia hereby authorizes and designates the Authority as the agency to plan for and provide transit facilities and services for the area of Virginia encompassed within the [compact] Zone.' Two of the six members of WMATA's board of directors represent Virginia . . . . WMATA is vested with the power of eminent domain . . . . WMATA is funded, in part, by Virginia through the Northern Virginia Transit District Commission." (alteration in original).

Even though WMATA is a part of the State government, WMATA has expressly waived its right of sovereign immunity for torts committed by its employees "in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflicts of laws) . . . ." Code §§ 56-529 and -530. Section 80 of the Compact does not contain any limitation on the amount of compensatory damages that a plaintiff may recover from WMATA, and § 80 does not mention or refer to the Virginia Tort Claims Act.

Contrary to WMATA's assertions, the phrase "in accordance with the law of the applicable signatory" contained in § 80 does not incorporate the limitation on damages contained in the Virginia Tort Claims Act. We are of opinion this language means that courts in the Commonwealth of Virginia must apply the substantive tort law

4

governing the conduct of a director, officer, employee, or agent of WMATA who commits a tort while performing any proprietary function.

In view of the foregoing, we need not consider WMATA's remaining contentions. Accordingly, the judgment of the trial court will be

Affirmed.
