COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


DAVID EDWARD McCORD

                                  MEMORANDUM OPINION* BY
v.    Record No. 1255-99-2        JUDGE JERE M. H. WILLIS, JR.
                                        JULY 25, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge

              Steven D. Benjamin (Betty Layne DesPortes;
              Benjamin & DesPortes, P.C., on briefs), for
              appellant.

              John H. McLees, Jr., Senior Assistant
              Attorney General (Mark L. Earley, Attorney
              General, on brief), for appellee.


     On appeal from his conviction of two counts of malicious

wounding, in violation of Code § 18.2-51, David Edward McCord

contends that the trial court erred (1) in refusing to permit him

to cross-examine the complaining witnesses concerning those

witnesses' prior instances of aggressive behavior, (2) in refusing

to permit him to cross-examine a Commonwealth's witness concerning

criminal charges pending against that witness, and (3) in

permitting the Commonwealth to call to the stand a witness,

knowing that the witness would assert his Fifth Amendment right

not to testify.  Because the trial court erroneously denied proper

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

cross-examination, we reverse the convictions.  We find no error in the trial court's permitting the witness to be called to the stand.

On October 11, 1998, McCord became embroiled in a dispute with Matthew Bounds and Lamar Jennings.  The controversy concluded, and the parties departed.  Later that evening, McCord, accompanied by his brother James, re-encountered Bounds and Jennings.  James approached a car occupied by Bounds and Jennings.  Violence ensued.  McCord approached and struck both Bounds and Jennings, giving rise to the charges on which he was convicted.

### CROSS-EXAMINATION AS TO VICTIMS' AGGRESSIVE ACTS

Defense of another is recognized as a defense subject to the rules governing self-defense.  See Foster v. Commonwealth, 13 Va. App. 380, 385-86, 412 S.E.2d 198, 201-02 (1991).  In cases involving a claim of self-defense, evidence of the victim's character for violence, turbulence, or aggression is admissible to show (1) who was the aggressor, and (2) the reasonableness of the defendant's apprehension.  See Canipe v. Commonwealth, 25 Va. App. 629, 640, 491 S.E.2d 747, 752 (1997); see also Randolph v. Commonwealth, 190 Va. 256, 56 S.E.2d 226 (1949).  Evidence of specific violent acts by the victim is admissible for this purpose.  See Craig v. Commonwealth, 14 Va. App. 842, 843-45, 419 S.E.2d 429, 430-31 (1992).

We do not consider on this appeal whether McCord's claim of defense of his brother should have been successful.  His defense

-

may or may not have had merit.  The issue before us is whether he should have been permitted to adduce evidence in support of that defense.  Plainly, he should have been.  The evidence in the case was conflicting and confused.  However, there was evidence that James, who had not previously been embroiled with Bounds and Jennings, approached them non-violently and was violently assailed by them.  This evidence supports McCord's contention that he went properly to the aid of his brother.  The trial court erred in refusing to permit him to develop fully his evidence in support of that contention.

<u>CROSS-EXAMINATION OF WITNESS</u>
<u>CONCERNING PENDING CRIMINAL CHARGES</u>

An accused has a fundamental right to confront and cross-examine the witnesses against him.  <u>See</u> <u>Moore v. Commonwealth</u>, 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961).  An accused has the right to cross-examine prosecution witnesses to show bias or motivation.  <u>See</u> <u>Brown v. Commonwealth</u>, 246 Va. 460, 437 S.E.2d 563 (1993).

McCord sought to cross-examine Bounds concerning criminal charges pending against Bounds at the time of trial.  He sought to suggest that Bounds had a motive to curry favor with the Commonwealth's Attorney.  This was a permissible endeavor on cross-examination, which the trial court erroneously foreclosed.

-

<u>CALLING A WITNESS KNOWING HE WOULD ASSERT HIS
FIFTH AMENDMENT RIGHT NOT TO TESTIFY</u>

When the evidence establishes the presence of a witness at an incident on trial and that witness is not called to testify, an inference flows logically that the witness' testimony would have been adverse to the party failing to call him.  This suggestion has particular application to the Commonwealth, which bears the burden of producing a full elucidation of the incident on trial.  Therefore, the Commonwealth has a right to call its witnesses.  If a witness, with or without justification, declines to testify, his call and refusal is a circumstance properly presented at trial.

The judgment of the trial court is reversed, and this case is remanded to the trial court for retrial, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>