446

# CIRCUIT COURT OF ARLINGTON COUNTY

Jane Doe

    v.

Paradigm Management Co., Inc., et al.

January 20, 2006

Case No. (Law) 05-640

BY JUDGE JOANNE F. ALPER

This matter comes before the Court on Defendant Mario Contreras' motion to quash subpoenas issued by the Plaintiff to the Multicultural Clinical Center and Director of Probation for the Arlington County Community Corrections Unit.

Having taken the matter under advisement and reviewed the memoranda and arguments of the parties, as well as the subpoenaed files, the Court concludes that the pre-sentence investigation report ("PSI") prepared by the Community Corrections Unit, as well as the Psychosexual Risk Assessment ("Risk Assessment") prepared by the Multicultural Clinical Center are not protected by any statute or other authority mandating confidentiality. Therefore, the motion to quash the subpoenas will be denied as to those documents. However, the Court finds that all monthly progress reports or other documentation relating to Mario Contreras' post-sentencing sexual offender treatment with the Multicultural Clinical Center are protected health records and the motion to quash the subpoenas is granted as to those documents.

## Factual and Procedural Background

Plaintiff "Jane Doe" filed a Motion for Judgment on October 20, 2005, against Paradigm Management Co.[1] ("Paradigm") and two of its employees, Mario Contreras and Miguel Meza. Doe, a former employee of Paradigm, alleged that she had been sexually assaulted and harassed by both Contreras and Meza on a number of occasions at her place of work. Doe claimed that Paradigm had knowledge of the assaults and harassment but permitted the hostile work conditions to continue, while refusing to take any effective remedial action against either Meza or Contreras. Plaintiff seeks recovery for assault and battery, sexual assault and battery, negligent retention, wrongful termination, false imprisonment, negligent and intentional infliction of emotional distress, and defamation.

Prior to the filing of Plaintiff's civil suit, criminal charges were brought against Contreras in connection with Plaintiff's charges of sexual assault. Contreras entered an Alford plea to a misdemeanor charge of sexual battery. Following his plea, the Arlington County General District Court ordered a PSI to be prepared by the Community Corrections Unit. As part of this investigation, Contreras was referred to the Multicultural Clinical Center to undergo a Psychosexual Risk Assessment. The Risk Assessment was not made part of the PSI, but it was reviewed by the Court, the Commonwealth's Attorney, and Contreras' defense counsel prior to sentencing, and a portion of its recommendation was made part of the sentence. The Risk Assessment itself was placed in Contreras' file in the probation office. On July 12, 2005, after reviewing the information contained in the PSI and Risk Assessment, the General District Court imposed a sentence of twelve months in jail, all suspended, with two years of probation.

On November 16, 2005, Plaintiff issued a *subpoena duces tecum* to Pablo E. Moro of the Multicultural Clinical Center, requesting all records regarding Contreras. On December 7, 2005, Plaintiff issued another *subpoena duces tecum* to Winston A. Marcus, Director of Probation for the Arlington County Community Corrections Unit. Contreras' motion to quash the subpoenas and for a protective order was argued by counsel on December 16, 2005. The Court ordered that the PSI, the Risk Assessment, and the records of the Multicultural Clinical Center be reviewed *in camera* before any decision was rendered.

---

[1] Plaintiff filed her Motion for Judgment against Paradigm Management Co., Paradigm Management Company, Paradigm Management Corp., Paradigm Management of Virginia, Inc., and Paradigm Development Company. To avoid confusion, these entities will be collectively referred to as "Paradigm."

*Confidentiality of Pre-Sentence Investigation Reports*

The Code of Virginia clearly states that files and records held by a circuit court should be open to the public, except in those cases where confidentiality has been specifically provided. Va. Code § 17.1-208 (2003) (*"Except as otherwise provided by law,* the records and papers of every circuit court shall be open to inspection by any person. . . .") (emphasis added). The language of this section serves as recognition of the common law rule of openness in court proceedings and documents, while reserving the General Assembly's right to make statutory exceptions to this rule. *See Shenandoah Publishing House, Inc. v. Fanning,* 235 Va. 253, 258 (1988) (interpreting prior law, Va. Code § 17-43). The Virginia Supreme Court has recognized this rule as having a "broad sweep," with no distinction between criminal and civil proceedings. *Id.*

A variety of statutory exceptions to the common law rule of openness have been made, including provisions for confidentiality of PSI reports. When an individual has been found guilty of a felony offense, a circuit court can direct a probation officer to prepare a PSI, which "shall at all times be kept confidential by each recipient." Va. Code § 19.2-299 (2004). Similarly, reports and records of minors who appear before the juvenile and domestic relations district courts are subject to a variety of confidentiality protections, with clearly delineated exceptions as to when such information can be made public. *See* Va. Code § 16.1-305 (2003) (confidentiality of court records); *see also* Va. Code § 16.1-300 (confidentiality of Department of Juvenile Justice records); Va. Code § 16.1-309.1 (exceptions as to confidentiality).

While both the circuit courts and the juvenile and domestic relations district courts have statutory exceptions to the rule of openness for PSI reports, the General District Court has not been granted any such provisions. Unlike the circuit court's guidelines under Va. Code § 19.2-299, there is no comparable statute that even authorizes the General District Court to direct a probation officer to prepare a PSI.

Virginia Code § 17.1-208 specifically applies *only* to circuit courts, but it reflects the common law rule that court records should be open to the public in the absence of statutory provisions to the contrary. While the General District Court is not directly subject to Virginia Code § 17.1-208, the common law rule of openness embodied in that statute nonetheless applies to the General District Court. Had the General Assembly desired to provide for confidentiality of PSI reports filed in the General District Court, it surely had the ability to do so, having created similar provisions for both the circuit courts and the juvenile and domestic relations district courts.

The absence of a similar statutory protection for PSI reports filed in the General District Court is telling. In *Couplin v. Payne*, 270 Va. 129, 135 (2005), the Virginia Supreme Court held that Code § 5.1-173(B) granted immunity to Metropolitan Washington Airport Authority employees involved in proprietary functions, but not for torts committed during the performance of governmental functions. The Court stated that "the General Assembly knows how to grant immunity to MWAA employees," and that the absence of a specific grant of immunity for governmental functions was controlling. *Id.* Under the principle of *expressio unius est exclusio alterius*, the Court held that such an absence was significant, as "the mention of . . . specific items in a statute implies that other omitted items were not intended to be included within the scope of the statute." *Id.* at 135-36. The Court added that, without any direct statutory alteration, the common-law rule would apply in that case. *Id.* at 136.

In the absence of a statute that would provide for the confidentiality of PSI reports filed in the General District Court, those reports should remain subject to public scrutiny. The General Assembly has evinced its intent to provide for confidentiality of PSI reports in both the Circuit Courts and the Juvenile and Domestic Relations District Courts, but has made no such provision for the General District Courts. This Court cannot create a rule of confidentiality in this case when the General Assembly has clearly left such protections out of the statutory scheme. *See Anderson v. Commonwealth*, 182 Va. 560, 566 (1944) ("Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied."). Therefore, the common law rule of openness, as illustrated by Virginia Code § 17.1-208, should apply, and the PSI prepared for Contreras is subject to discovery.

## Confidentiality of Health Records

In his motion to quash the subpoenas, Defendant Contreras states that the records sought would include confidential communications between himself and mental health professionals, physicians, and probation counselors. Plaintiff argues that, while a patient normally enjoys a right of privacy for the content of health records, the information sought in this case does not qualify as "health record" under Virginia Code § 32.1-127.1:03(B) (2004).

The Commonwealth protects "an individual's right of privacy in the content of his health records." Va. Code § 32.1-127.1:03. "Health records" are defined as "any written, printed, or electronically recorded material maintained by a health care entity in the course of providing health services to an individual concerning the individual and the services provided," as well as communications

made in confidence during or in connection with the provision of health services. Va. Code § 32.1-127.1:03(B). "Health services" is given an equally broad definition, as it includes, but is not limited to, "examination, diagnosis, evaluation, treatment, pharmaceuticals, aftercare, habilitation, rehabilitation, and mental health therapy of any kind." *Id.*

A PSI could arguably fall under the definition of "health services," perhaps as a form of "evaluation." However, as stated in the definition of "health records," the privacy protection only applies to material maintained "in the course of providing health services to an *individual* concerning the individual and the services provided." *Id.* (emphasis added). The term "individual" has been defined as "a *patient* who is receiving or has received health services from a health care entity." *Id.* (emphasis added).

The term "individual," as defined by Virginia Code § 32.1-127.1:03(B), clearly indicates that the PSI should not be covered by the same privacy protections as health records. Defendant Contreras was not a "patient" in any sense of the word, but rather was a criminal defendant who took part in a court-ordered evaluation to assist the General District Court in arriving at the proper sentence for his crime. Defendant Contreras was not receiving any form of medical care or treatment and, therefore, both the PSI and the Risk Assessment are not protected "health records" under Virginia Code § 32.1-127.1:03.

Although the PSI and the Risk Assessment do not qualify as protected health records, there are clinical records that deserve protection under Virginia Code § 32.1-127.1:03. The records submitted by the Multicultural Clinical Center include a series of monthly progress reports dealing with Contreras' sexual offender treatment, which were required by his probation officer as a special condition of his probation. These monthly reports, filed from August through November of 2005, are not related to Contreras' sentencing hearing, but rather are part of his ongoing sexual offender treatment that is an essential aspect of his probation.

Such reports fall within the definition of "health services" that are protected from disclosure under Virginia Code § 32.1-127.1:03(B), as they are part of Contreras' treatment. Unlike the pre-sentence report investigation or sexual offender risk assessment that were ordered prior to sentencing, these monthly reports can properly be considered a form of psychological treatment that deserve privacy protection under the Statute. Contreras certainly qualifies as a "patient" under Virginia Code § 32.1-127.1:03(B), and, as such, any such documents relating to the health services provided after his sentencing are protected from compelled disclosure.

*Conclusion*

For the foregoing reasons, the Court rules that the PSI and the Risk Assessment are discoverable and the motion to quash the subpoenas as to those documents is denied. However, the monthly progress reports relating to Contreras' sexual offender treatment with the Multicultural Clinical Center are protected health records, and the motion to quash the subpoenas as to those documents is granted.