40

# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Javan Fox

November 20, 2008

Case No. FE-2008-447

BY JUDGE RANDY I. BELLOWS

*Opinion*

On October 6, 2008, Defendant, Javan Fox, was tried for assault and battery on a law enforcement officer. At the close of the Commonwealth's case, Defendant moved to strike the Commonwealth's evidence, arguing that the Commonwealth had failed to establish that the Metro Transit Police Officer Defendant allegedly assaulted was a law enforcement officer, pursuant to Virginia Code § 18.2-57(E). The Court took the matter under advisement and instructed the parties to file briefs on the issue. After reviewing the briefs submitted by the parties, the Court finds that the Metro Transit Police Officer is a law enforcement officer pursuant to Virginia Code § 18.2-57(E), and Defendant's Motion to Strike is denied.

## I. *Background*

On October 6, 2008, a jury found Defendant, Javan Fox, guilty of assault and battery on a law enforcement officer pursuant to Virginia Code § 18.2-57(C) (2004, & Supp. 2007). The altercation in question involved Defendant, and Officer Nopadon McKee, a Metro Transit Police Officer, employed by the Washington Metropolitan Area Transit Authority.

Officer McKee is an employee of the Washington Metropolitan Area Transit Authority (WMATA), which was established by an interstate compact between Maryland, Virginia, and the District of Columbia. WMATA's headquarters are located in the District of Columbia, and it issues its payroll from a location in the District of Columbia.

At trial, the jurors were instructed that:

> The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime: (1) that Mr. Fox committed an assault and battery against N. T. McKee; and (2) that Mr. Fox knew or had reason to know, when he committed the assault and battery, that N. T. McKee was a law-enforcement officer; and (3) that N. T. McKee was engaged in the performance of his public duties as a law-enforcement officer at the time Mr. Fox committed the assault and battery.

(Jury Inst. No. H.) Based upon this instruction, the jury found Defendant guilty of assault and battery on a law enforcement officer.

## II. *Analysis*

This matter arises on defendant's motion to strike. On a motion to strike, the Court must review the evidence in the light most favorable to the Commonwealth to determine whether the Commonwealth has met its burden to establish every element of the offense charged. *Allison v. Commonwealth*, 207 Va. 810, 811, 813, 153 S.E.2d 201 (1967). In this case, Defendant was charged with violating Virginia Code § 18.2-57(C). Virginia Code § 18.2-57(C) states:

> if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law enforcement officer as defined hereinafter . . . such person is guilty of a Class 6 felony, and, upon conviction, the sentence of such person shall include a mandatory minimum term of confinement of six months.

Va. Code Ann. § 18.2-57(C) (2004 & Supp. 2007). Virginia Code § 18.2-57(E) defines "law enforcement officer" as "any full-time or part-time employee of a police department or sheriff's office which is part of or

administered by the Commonwealth or any political subdivision thereof, who is responsible for the prevention or detection of crime and the enforcement of the penal, traffic, or highway laws of this Commonwealth. . . ." *Id.* § 18.2-57(E). Specifically at issue in this case is whether the Commonwealth met its burden to establish that Officer McKee is a law enforcement officer as defined by Virginia Code § 18.2-57(E).

The Commonwealth argues, and the Court agrees, that whether Officer McKee is a law enforcement officer pursuant to Virginia Code § 18.2-57(E) is a matter of law within the Court's jurisdiction to decide. The Commonwealth seeks to establish that Officer McKee is a law enforcement officer within the definition of Virginia Code § 18.2-57(E) by asking the Court to take judicial notice of the Washington Metropolitan Area Transit Authority Compact (the Compact). (Commonwealth's Br. 4.) However, Virginia Code § 19.2-265.2 provides:

A. Whenever, in any criminal case, it becomes necessary to ascertain what the law, statutory or otherwise, of this Commonwealth . . . or of any political subdivision or agency of the same is, or was, at any time, the court shall take judicial notice thereof whether specially pleaded or not.

B. The Court, in taking such notice, shall consult any book, record, register, journal, or other official document or publication purporting to contain, state, or explain such law, and may consider any evidence or other information or argument that is offered on the subject.

Va. Code Ann. § 19.2-265.2 (2008). The Compact was entered into by the Commonwealth of Virginia pursuant to Chapter 627 of the 1958 Acts of Assembly and is incorporated in the Code of Virginia at §§ 56-529, 56-530. *See* Va. Code Ann. §§ 56-529, 56-530 (2007). Therefore, the Court need not take judicial notice of the Compact, as the Compact is, itself, the law of the Commonwealth.

Defendant argues in his brief that "[t]he Compact was not offered or admitted into evidence, and it is not law." (Def.'s Br. 3.) In support of this position, Defendant cites *South v. Commonwealth*, which found that a federal police officer was not a law enforcement officer pursuant to Virginia Code § 18.2-57(E), despite the existence of a reciprocal agreement between the United States Navy and the City of Norfolk. 47 Va. App. 247, 623 S.E.2d 419 (2005), *rev'd on other grounds*, 272 Va. 1, 630 S.E.2d 318 (2006). In *South*, the Virginia Court of Appeals found that the reciprocal agreement was a fact to be determined by the jury, and it had not been properly admitted into

evidence. *See id.* at 254-55. In this case, however, the Washington Metropolitan Area Transit Authority Compact has been incorporated into the Code of Virginia. *See* Va. Code Ann. §§ 56-529, 56-530 (2007). Therefore, the existence of the Compact is not a fact that the Commonwealth must establish, but instead, a matter of law, which the Court must recognize.

The Compact provides in Title III, Article III, Paragraph 4, that WMATA is "an instrumentality and agency of each of the signatory parties hereto. . . ." Further, Title III, Article XVI, Paragraph 76, provides that Metro Transit Police "shall be charged with the duty of enforcing the laws of the signatories, and the laws, ordinances, and regulations of the political subdivisions thereof in the Transit Zone. . . ." *Id.* Additionally, the Virginia Supreme Court has found that "WMATA is a part of the State government." *Washington Metro. Area Transit Auth. v. Briggs,* 255 Va. 309, 312, 497 S.E.2d 139 (1998); *see also PEPCO v. State Corp. Comm'n,* 221 Va. 632, 635, 272 S.E.2d 214 (1980).

Therefore, because the WMATA is an agency of the Commonwealth, a Metro Transit Officer employed by WMATA as a law enforcement officer is an "employee of a police department or sheriff's office which is part of or administered by the Commonwealth." Va. Code Ann. § 18.2-57(E) (2004 & Supp. 2007). Thus, Officer McKee, a Metro Transit Officer, is a law enforcement officer within the definition set forth in Virginia Code § 18.2-57(E), and the Motion to Strike is denied.

Defendant argues that because Virginia Code § 18.2-57(E) lists certain varieties of law enforcement as falling within the statutory definition, the Court should assume that the legislature did not intend for other officers, not identified by the statute, to fall within its definition. *See* Va. Code Ann. § 18.2-57(E) (2004 & Supp. 2007) ("any conservation officer . . . full-time sworn members of the enforcement division of the Department of Motor Vehicles . . . and such officer also includes jail officers in local and regional correctional facilities, all deputy sheriffs . . . auxiliary police officers appointed or provided for pursuant to §§ 15.2-1731 and 15.2-1733 and auxiliary deputy sheriffs appointed pursuant to § 15.2-1603"); *Guinyard v. Commonwealth,* No. 1185-06-1, 2007 Va. App. LEXIS 287, at *6 (Va. App. July 31, 2007); Del's Br. 6. Further, Defendant argues that the "rule of lenity" requires that the Court interpret the statute in favor of the Defendant, as Defendant argues that the statute is ambiguous. *See De'Armond v. Commonwealth,* 51 Va. App. 26, 34, 654 S.E.2d 317 (2007); (Def.'s Br. 6). However, in the case at hand, the legislature clearly and unambiguously included Metro Transit Police in its definition when it provided for "any full-

44

time or part-time employee of a police department . . . which is part of or administered by the Commonwealth." Va. Code Ann. § 18.2-57(E) (2004 & Supp. 2007). Metro Transit Police are administered by an agency of the Commonwealth; therefore, they clearly fall within the definition established by the legislature.